# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

FRANKLIN T. BYRD,

        Petitioner,

    v.

TERI KENNEDY, Warden of the Pontiac
Correctional Center,

        Respondent.

No. 19 C 50184

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

An Illinois state court jury found Franklin Byrd guilty of murder and robbery. He is serving an 86-year sentence at the Pontiac Correctional Center in Illinois, in the custody of Warden Teri Kennedy. Byrd, pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden answered the petition seeking its dismissal. R. 11. Byrd's petition is denied and the Court declines to issue a certificate of appealability.

## Background

During Byrd's trial, the State used peremptory challenges to excuse three potential jurors who were black. Byrd claimed the State acted with racially discriminatory motive, and requested a *Batson* hearing. The court found a prima facie case of discrimination with respect to the State's third challenge. The court excused the first two potential jurors, with no objection from Byrd. Ultimately, the court discharged the entire jury pool, and declared a mistrial. Following rulings on various

motions in limine and other matters, the court confirmed with Byrd's counsel that there were no further matters to address before adjourning for the day.

The next day, a new venire was summoned. Byrd asked the court to re-call the third potential juror and seat that person on the jury. The court denied that motion but gave Byrd the opportunity to submit authority requiring the former potential juror to be re-called and seated. Byrd did not file a brief or otherwise submit such authority to the court.

Byrd appealed his conviction, arguing that the trial court erred by declaring a mistrial rather than seating the potential juror. The state appellate court affirmed the trial court. *See People v. Byrd*, 77 N.E.3d 719 (Ill. App. Ct. 2d Dist. 2017). The Illinois Supreme Court denied Byrd's petition for leave to appeal on that issue. *See People v. Byrd*, 108 N.E.3d 832 (Ill. 2018). Byrd raises that issue again in his petition in this Court.

## Analysis

When a state court has adjudicated a claim on the merits, a federal habeas court may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (emphasis added). To prevail under this standard, the "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016).

Byrd argues that once the trial court found a *Batson* violation, it failed to apply the proper remedy. To be clear, Byrd does not argue that the state court erred in determining whether a *Batson* violation occurred. Rather, Byrd claims that the state court erred in determining the remedy for the violation it found.

But in *Batson*, "the Supreme Court reserved the question of what remedy was appropriate, though it stated two possible options were ordering a mistrial and starting again with a new venire, or seating the improperly challenged jurors." *Jimenez v. City of Chicago*, 877 F. Supp. 2d 649, 660 (N.D. Ill. 2012), *aff'd*, 732 F.3d 710 (7th Cir. 2013). Indeed, the Supreme Court:

> express[ed] no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire.

*Batson v. Kentucky*, 476 U.S. 79, 99 n.24 (1986). As the Seventh Circuit explained further, "the Supreme Court has made it clear that the fashioning of a [*Batson*] remedy is a matter upon which state courts are to be accorded significant latitude." *Koo v. McBride*, 124 F.3d 869, 873 (7th Cir. 1997).

In this case, the state court's decision to declare a mistrial and summon a new venire was consistent with the Supreme Court's suggested remedies. Byrd has made no argument to the contrary. Thus, the state court's decision was not contrary to, or

3

an unreasonable application of, clearly established federal law, so the Court must deny Byrd's petition under 28 U.S.C. § 2254(d).

Byrd argues that "when the trial court declares a mistrial over the defendant's objection, the defendant can only be retried if the mistrial was a manifest necessity." R. 18 at 4. But the "manifest necessity" standard applies only once jeopardy attaches, and jeopardy does not attach until a jury is impaneled. *See Martinez v. Illinois*, 572 U.S. 833, 839 (2014) ("There are few if any rules of criminal procedure clearer than the rule that jeopardy attaches when the jury is empaneled and sworn."). No jury was impaneled here, so a finding of "manifest necessity" was not required. In any event, since the Supreme Court has held that declaring a mistrial is a proper remedy for a *Batson* violation, the Court presumes that a second trial in that circumstance would not implicate double jeopardy any more than a mistrial declared because a jury deadlocked during deliberations. *See United States v. Moore*, 617 Fed. App'x 562, 566 (7th Cir. 2015) ("And a 'jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commences when the jury was first impaneled.'" (quoting *Yeager v. United States*, 557 U.S. 110, 118 (2009))); *United States v. Morgan*, 929 F.3d 411, 425 (7th Cir. 2019) ("[T]he trial judge when declaring a mistrial did not use the words 'manifest necessity,' but they are neither magic nor necessary when sufficient justification appears in the record."). Byrd cites no authority to the contrary.

Byrd also argues that the "trial court abused its discretion when it imposed an 86-year prison sentence." R. 1 at 8. The state appellate court held that Byrd forfeited

this argument because he raised it in a single sentence and failed to make any argument or cite any authority. *See Byrd*, 77 N.E.3d at 727. Thus, he has failed to raise this argument through a complete round of state review, and it is not cognizable on habeas review. *See Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) ("A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review."). In any event, to the extent Byrd intends to argue that his sentence violates the Eighth Amendment because it is disproportionate to his crime, an 86-year sentence for murder and robbery is not so "grossly disproportionate" that it violates the proportionality principle established by the Supreme Court. *See Harmelin v. Michigan*, 501 U.S. 957 (1991) (rejecting a challenge to a mandatory life-without-parole sentence for a first offense involving 672 grams of cocaine); *Ewing v. California*, 538 U.S. 11 (2003) (affirming a sentence of twenty-five-to-life for felony theft of three golf clubs under the three-strikes rule).

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). For the reasons discussed, Byrd has not made such a showing. Accordingly, certification of Byrd's claim for appellate review is denied.

## Conclusion

Therefore, Byrd's petition is denied and the Court declines to issue a certificate of appealability.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 20, 2020